NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**TERRY A. COCHRAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1986

---

Petition for review of the Merit Systems Protection Board in No. PH-0841-19-0023-I-1.

---

Decided: March 11, 2020

---

TERRY A. COCHRAN, Odenton, MD, pro se.

SARA B. REARDEN, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Terry Cochran appeals a decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. Because the Board correctly determined that it lacked jurisdiction over Ms. Cochran's appeal, we *affirm*.

## BACKGROUND

Ms. Cochran filed a Federal Employees Retirement System application with the Office of Personnel Management (OPM) seeking disability retirement benefits. In a letter dated April 6, 2018, OPM approved Ms. Cochran's application. S.A. 72–75. Ms. Cochran requested reconsideration of OPM's decision, challenging its calculation of her annuity. In October 2018, before OPM had rendered a decision on the request for reconsideration, Ms. Cochran appealed OPM's initial decision to the Board. S.A. 66–80. OPM moved to dismiss the appeal for lack of jurisdiction. S.A. 53–56. The administrative judge granted OPM's motion on March 1, 2019, holding that the Board lacked jurisdiction over Ms. Cochran's appeal because OPM had not rendered a final appealable decision. J.A. 1–10. The administrative judge determined that the six months Ms. Cochran's reconsideration request was pending does not constitute inordinate delay. J.A. 2. Because neither party petitioned the full Board for review, the administrative judge's decision became the final decision of the Board on April 5, 2019. Ms. Cochran timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We will uphold a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review the Board's dismissal for lack of jurisdiction de novo. *Johnson v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). The Board's jurisdiction is limited to those actions made appealable to it by law, rule,

or regulation. *See* 5 U.S.C. § 7701(a). The Board has jurisdiction over appeals from final decisions of OPM affecting the rights or interests of an individual. 5 C.F.R. § 831.110; 5 U.S.C. § 8347(d)(1). OPM decisions are final when they are rendered on reconsideration or are expressly issued as final decisions with a right to appeal. 5 C.F.R. § 831.109. An exception to the final decision requirement exists where OPM refuses or improperly fails to render a final decision. *See Okello v. Office of Pers. Mgmt.,* 120 M.S.P.R. 498, 502–504 (2014).

Ms. Cochran does not dispute that OPM had not rendered a decision on reconsideration at the time of her appeal, or that OPM has not rendered a final decision expressly providing a right to appeal. And there is no evidence that OPM has refused to issue a final decision. Ms. Cochran contended below that the Board should review OPM's initial decision because OPM delayed in processing her reconsideration request. We agree with the government that under the circumstances of this case, the fact that OPM had not ruled on Ms. Cochran's reconsideration request did not amount to unreasonable delay. Unlike *Okello*, OPM made no false promises regarding the timing for the final decision. Under the totality of the circumstances, we see no basis upon which to disagree with the administrative judge's dismissal for lack of jurisdiction. At least as of the filing of Ms. Cochran's appeal to the Board, six months after her request for reconsideration, OPM's failure to act was not unreasonable.

Ms. Cochran contends that the Board nonetheless has jurisdiction over her appeal because she purportedly alleged a mixed case claim of constructive discharge. She argues she put the Board on notice of an equal employment opportunity (EEO) complaint she filed against her supervisor and therefore provided non-frivolous allegations of constructive discharge. Ms. Cochran's passing reference to an

EEO complaint she filed against her supervisor, however, is insufficient to render her annuity case a mixed case. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017). Her appeal contained no allegation that she had been constructively discharged, nor did she allege discrimination or retaliation. S.A. 11–13. Her reference to the EEO complaint appeared in the context of alleged errors in OPM's annuity calculations, supporting her belief that the employment record submitted by her agency did not accurately reflect her performance. S.A. 12–13. Ms. Cochran's appeal to the Board is therefore not a mixed case, but rather is limited to challenging the accuracy of OPM's annuity calculation. Accordingly, in the absence of a final appealable decision, we agree the Board lacks jurisdiction over Ms. Cochran's appeal.

CONCLUSION

Because the Board lacks jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.